UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| MUELLER, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DAKOTA A. SANDERS, Individually and as Co-Personal Representative of the Estate of Gary Don Sanders, TREVOR R. SANDERS, and CHRISTINA STATSMANN, Individually and as Co-Personal Representative of the Estate of Gary Don Sanders, | § § § § § § § § | No. 6:20-cv-00114 |
| Defendants. | § | |

## INTERPLEADER COMPLAINT

Plaintiff, Mueller, Inc., files this Interpleader Complaint under Federal Rule of Civil Procedure 22 to obtain: (1) a declaratory judgment pursuant to 28 U.S.C.§ 2201 and Rule 57 of the Federal Rules of Civil Procedure as to the proper beneficiary(ies) to Gary Don Sanders's (the "Decedent") 401k account; and (2) an order under 28 U.S.C. 2361 enjoining all Defendants from instituting or prosecuting any proceeding in any court affecting the funds involved herein until further order of this Court.

### INTRODUCTION

1.  This case arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. chapter 18 §1000, *et seq*. Plaintiff, the Plan Administrator of the Decedent's 401k account at the time of his death, seeks a determination of the proper beneficiary(ies) to receive the Decedent's 401k account balance and the final distribution of all

proceeds ("401k Account").  The Decedent leaves behind Ms. Statsmann, who claimed to be the Decedent's common law spouse in the Decedent's probate action, as well as Dakota and Trevor, two sons who the Decedent designated as beneficiaries of his 401k Account in 2015.  This interpleader action is necessitated by: (i) a dispute among Defendants about whether Ms. Statsmann is the Decedent's common law spouse; and (ii) the disclaimer in the Defendants' proposed Family Settlement Agreement violates the Plan and applicable law (including but not limited to 26 U.S.C. §2518, the United States Internal Revenue Code (the "Code") governing disclaimers and 26 CFR 25.2518-2, the United States Treasury regulations governing disclaimers) so Plaintiff cannot implement Ms. Statsmann's proposed disclaimer.

2. Specifically, if Ms. Statsmann was the Decedent's spouse when he designated Dakota and Trevor as beneficiaries to his 401k Account, that purported designation is void and ineffective because no spousal waiver was provided by Ms. Statsmann.  If the Decedent was not married when he designated Dakota and Trevor as beneficiaries to his 401k Account but Ms. Statsmann later became his wife, then the designation became invalid and void upon his marriage.  If Ms. Statsmann is the Decedent's common law spouse, she did not timely disclaim her interest in and title to the Decedent's 401k Account within nine months of the Decedent's death as required by the Code and Treasury regulations so Plaintiff cannot implement that provision of the proposed Family Settlement Agreement.

## PARTIES

3. Mueller, Inc. is an entity organized and existing under Texas law with its principal place of business located at 1915 Hutchins Avenue, Ballinger, Runnels County, TX 76821.

4. On information and belief, Defendant, Dakota A. Sanders ("Dakota") is an individual who resides at 13838 S. 262 East Avenue, Coweta, Wagoner County, OK 74429.

5. On information and belief, Defendant, Trevor R. Sanders ("Trevor") is an individual who resides at 13838 S. 262 East Avenue, Coweta, Wagoner County, OK 74429.

6. On information and belief, Defendant, Christina Statsmann ("Statsmann") is an individual who resides at 31212 E 682 Road, Wagoner, Wagoner County, OK 74467-6375.

## JURISDICTION/VENUE

7. This Court has subject matter jurisdiction over this action pursuant to Section 502(e) of ERISA, 29 U.S.C. §1132(e)(1). Jurisdiction is also proper under 28 U.S.C. §1331 as this dispute arises under ERISA. Additionally, jurisdiction is also appropriate because Rule 22 of the Federal Rules of Civil Procedure authorizes interpleader actions on a basis other than diversity, where the Court has subject matter jurisdiction.

8. Venue is proper in this Court pursuant to 29 U.S. §502(e)(2) because the Plan is administered in this District. Venue is also proper and under 28 U.S.C. §1391(b)(2).

## BACKGROUND FACTS

9. Plaintiff offered a Qualified Defined Contribution 401k Profit Sharing Plan called the Mueller, Inc. 401k Plan (the "Plan")[1] to its employees pursuant to which the Decedent had a 401k account at the time of his death.

10. Plaintiff serves as the Plan Administrator of the Plan.

---

[1] Plaintiff incorporates by reference as though fully restated herein the Pentec Pension Management Group, Inc. Defined Contribution Volume Submitter Plan and Trust (the "Base Plan Document for the Plan") and Plaintiff's adoption of the Base Plan Document for the Plan.

11. Empower Retirement ("Empower") serves as the Third Party Administrator of the Plan. As Third Party Administrator, Empower, among other responsibilities, serves as liaison, communicates directly with Plan participants, and handles Plan forms and paperwork.

12. The Decedent was employed by Plaintiff from March 5, 2001 to September 25, 2019 at Plaintiff's location in Wagoner, Oklahoma.

13. Empower reports that the marital status on Decedent's 401k Account is "single."

14. Empower's Verification of Account Information dated August 10, 2015 lists the Decedent's sons Dakota and Trevor as the beneficiaries of his 401k Account with each to receive 50% of the 401k Account. See Exhibit 1.

15. On or about September 25, 2019, the Decedent died.

16. Under the Plan, when a participant dies, the Administrator may require "proper proof of death" and evidence of the "right of any person to receive payment of the value of the account of a deceased participant." Section 6.2(c) of the Base Plan Document for the Plan.

17. An original and later an amended Death Certificate for Decedent were submitted to Empower. The amended Death Certificate lists the Decedent's marital status as "married" and Ms. Statsmann as his "surviving spouse" (See Box 8) and his "significant other." See attached Exhibit 2.

18. Because the Decedent's account information lists him as single but his Death Certificate states he was married, Empower asked for clarification and confirmation of the Decedent's marital status. Trevor told Empower the Decedent was single.

19. On or about January 29, 2020, Ms. Statsmann contacted Empower and said she was the Decedent's common law spouse. She further advised Empower that the Decedent had a

third son and that, if deemed eligible, she may want to claim the Decedent's 401k Account so the third son would inherit from the Decedent.

20. Evidence of the Decedent's true marital status is essential to determining who is entitled to receive the Decedent's 401k Account. Under the Plan, if a participant is married, that participant's spouse is the beneficiary of the participant's 401k account unless that participant's spouse has validly waived beneficiary status in writing in a form permitted by the Code and consented to another beneficiary.[2] See, Sections 6.2(d), 6.5(a)(2), 6.6 of the Base Plan Document for the Plan.

21. On or about January 31, 2020, Trevor told Empower that Defendants would consult with legal counsel to resolve the conflict regarding the beneficiaries.

22. By letter dated July 1, 2020, Dakota's lawyer Bruce Straub forwarded a copy of an Order Appointing Administrator entered by the District Court of Wagoner County, Oklahoma in Case No. PB-2020-8 *In the Matter of the Estate of Gary Don Sanders* which appoints Dakota and

---

[2] Section 6.2(d) provides in pertinent part:
(d) **Beneficiary designation.** Unless otherwise elected in the manner prescribed in Section 6.6, the Beneficiary of the Pre-Retirement Survivor Annuity shall be the Participant's surviving Spouse. Except, however, the Participant may designate a Beneficiary other than the Spouse for the Pre-Retirement Survivor Annuity if:

  (1) the Participant and the Participant's Spouse have validly waived the Pre-Retirement Survivor Annuity in the manner prescribed in Section 6.6, and the Spouse has waived the right to be the Participant's Beneficiary,

  (2) the Participant is legally separated or has been abandoned (within the meaning of local law) and the Participant has a court order to such effect (and there is no "qualified domestic relations order" as defined in Code §414(p) which provides otherwise),

  (3) the Participant has no Spouse, or

  (4) the Spouse cannot be located.

  In such event, the designation of a Beneficiary shall be made on a form satisfactory to the Administrator.
  * * *

Ms. Statsmann as Co-Personal Representatives of the Decedent's estate. See Exhibit 3. Attorney Staub's letter also states: (i) a genuine dispute arose as to whether Ms. Statsmann was the Decedent's common law spouse; (2) the Decedent's heirs/next of kin had reached an agreement as to the distribution of the assets in the Decedent's estate; and (3) under the heirs' agreement, Ms. Statsmann elected to receive the Decedent's house and Dakota and Trevor elected to receive the 401k Account.

23.     After being advised of the proposed Family Settlement Agreement, Empower told the Defendants that Ms. Statsmann had missed the Code nine-month deadline to disclaim her interest in and legal title to the Decedent's 401k Account as his common law spouse. Specifically, under 26 U.S.C. §2518 and 26 CFR 25.2518-2, Ms. Statsmann had nine months after the decedent died on September 25, 2019 (or until May of 2020) to disclaim her interest in and title to the Decedent's 401k Account.

24.     If Ms. Statsmann was the Decedent's spouse when he designated Dakota and Trevor as beneficiaries to his 401k Account, that purported designation is void and ineffective because no spousal consent was provided by Ms. Statsmann. If the Decedent was not married when he designated Dakota and Trevor as beneficiaries to his 401k Account but Ms. Statsmann later became his spouse, then the designation became invalid and void upon his marriage. If Ms. Statsmann is the Decedent's common law wife, she did not timely disclaim her interest in and title to the Decedent's 401k Account within nine months of the Decedent's death as required by the Code and Treasury regulations so Plaintiff as the Plan Administrator cannot implement that provision of the proposed Family Settlement Agreement.

25.  Throughout the Defendants' dispute about entitlement to the Decedent's 401k Account, Empower has requested updates and information which Defendants. To date, however, Defendants have not provided a copy of the Family Settlement Agreement or any disclaimer of interest in the Decedent's 401k Account by Ms. Statsmann.

26.  The Decedent's heirs have threatened Plaintiff with litigation.

27.  The competing claims arise out of the same or related subject matter. Ms. Statsmann's claim to the 401k Account is adverse to those of Dakota and Trevor. Under the Plan, Plaintiff's determination of the respective Defendants' right to receive payment is conclusive. See Section 6.2(c) of the Base Plan Document for the Plan.

28.  Although Mueller is ready and willing to deposit the 401k Account with the Court to be held in trust while the Defendants interplead their claims, doing so would trigger tax liability and withholding and impair the Defendants' interests. Accordingly, Plaintiff proposes to continue to hold the 401k Account in the Plan's trust pending further order from this Court.

## CAUSES OF ACTION

### Count I – Declaratory Action

29.  Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

30.  The trust for the Plan currently holds the Decedent's 401k Account.

31.  There is an actual controversy between the parties regarding the disposition of the 401k Account.

32.  Plaintiff asks this Court to determine who should receive the Decedent's 401k Account.

33. Plaintiffs seek the relief as hereinafter set forth.

## Count II – Injunctive Relief

34. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

35. Plaintiff faces the threat of multiple litigation and liability.

36. Pursuant to 28 U.S.C. § 2361, this Court "may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action."

37. Without injunctive relief, Plaintiff faces the threat of having to expend its resources defending against multiple claims for the funds held in one 401(k) Account – without any basis for liability arising from such actions, other than the fact that another party has laid claim to the Decedent's 401k Account.

38. The balance of hardships and public interest favor enjoining the Defendants from prosecuting any actions/proceedings in any court against Plaintiff regarding the 401k Account at issue in this case.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court grant it the following relief:

A. Entry of an order requiring the Defendants to interplead and to settle among themselves their respective rights and claims to the Decedent's 401k Account;

B. Entry of an order declaring who should receive the Decedent's 401k Account;

C. Entry of an order discharging Plaintiffs from all liability asserted in this action or others and enjoining the Defendants from commencing or prosecuting any action in any court against Plaintiff for their claim for recovery of the Decedent's 401k Account;

D. Entry of an order awarding Plaintiff its just costs, disbursements, legal fees and expenses arising out of having to bring this action; and

E. Such other and further relief, at law or in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Joanne Early*
Joanne Early
Texas Bar No. 06346500
Stephanie McPhail
Texas Bar No. 24104104

**FOLEY & LARDNER LLP**
2021 McKinney Ave., Suite 1600
Dallas, Texas 75201
Telephone: (214) 999-3000
Telecopier: (214) 999-4667
jearly@foley.com
smcphail@foley.com